# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPARTMENT
                                        CIVIL ACTION NO.

CARLOS H. MCKENSI,                  )
        Plaintiff                   )
                                    )                    True and Certified Copy
vs.                                 )
                                    )
BANK OF AMERICA, NA                 )
        Defendants                  )
_____     )

### ATTESTED COMPLAINT

1.  The Plaintiff, CARLOS H. MCKENSI (hereinafter "MCKENSI") is an
    individual with a usual place of residence at 7 Neilson Avenue, Everett,
    County of Middlesex, Commonwealth of Massachusetts.

2.  Upon information and belief, the Defendant, BANK OF AMERICA, NA,
    is a foreign corporation not registered with the Commonwealth of
    Massachusetts and having a usual place of business at 101 South Tryon
    Street, Charlotte, North Carolina 28255.

3.  The Defendant has subjected itself to the long arm jurisdiction of this
    Court by having undertaken business and/or transactional business in the
    Commonwealth of Massachusetts. The Defendant has and continues to
    utilize the Courts of the Commonwealth of Massachusetts for its purposes
    and has thereby submitted itself to the long arm jurisdiction of the Courts
    of the Commonwealth of Massachusetts.

4.  The Plaintiff is the owner of a certain property known as and numbered 7
    Neilson Avenue, Everett, Massachusetts, hereinafter the "property" or the
    "premises".

5.  On or about June 28, 2006, the Plaintiff entered into a loan arrangement
    with Mortgage Electronic Registration Systems, Inc., ("Lender"), whereby
    the Lender did loan certain monies to the Plaintiff relative to the premises
    in question.

6.  At the time of the initial loan, both a first mortgage and a second mortgage
    were entered into.

7.     Defendant is attempting to foreclose under the powers contained in the first mortgage executed in favor of Lender, claiming it is currently the holder in due course pursuant to an assignment and/or a merger.

8.     Currently, the foreclosure of the above action is scheduled to take place on October 20, 2009 at 5:00 pm.

9.     The Plaintiffs, by way of this Complaint, seek to obtain from the Court restraint of the pending foreclosure due to: (a) the loans in question being predatory; (b) due to the Defendant's failure to act in good faith and in a commercially reasonable manner relative to these loans and (c) the Defendant's violations of Chapter 93A of the Massachusetts General Laws.

10.    The Plaintiffs were induced into obtaining the loan in question, which such loan is predatory as defined by Massachusetts General Laws, Chapter 183C.

11.    Pursuant to Massachusetts General Laws, Chapter 183C and the Regulations of the Attorney General enacted pursuant thereto, a violation of the Predatory Home Loans Practices Act (M.G.L. Ch. 183C) also constitutes a violation of Chapter 93A of the Massachusetts General Laws (Chapter 183C, Section 18(a)).

12.    The loans in question contain violations of Massachusetts General Laws Chapter 183C and contain violations of various Federal loan and credit statutes.

13.    On or about October 9, 2009, the Plaintiff hired counsel to representing them regarding the pending foreclosure.

14.    On October 9, 2009, counsel for the Plaintiff contacted counsel for the Defendant and requested a stay of the foreclosure, citing the various violations of law undertaken by the Plaintiffs in its loan process.

15.    In follow up thereto, Plantiffs, through their counsel, on October 14, 2009, made written demand upon the Defendant pursuant to Chapter 183C, 93A, Federal Law and the Regulations of the Attorney General related and enacted pursuant thereto (See Exhibit 1).

16.    In this request, Exhibit 1 hereto, the Plaintiff's counsel requested Defendant agree voluntarily to stay the foreclosure and that Defendant act in good faith and in a commercially reasonable manner to attempt to modify the mortgages so that the property would not be foreclosed upon, thereby benefiting the borrowers, the lender, the lender's investors and the general public.

17.   The Defendant has failed and/or refused to respond to the demand letter, Exhibit 1 hereto. and has failed or refused to agree to forebear from undertaking the foreclosure.

18.   The Plaintiffs, by way of this Complaint, seek to obtain from the Court restraint of the pending foreclosure due to: (a) the loan in question being predatory: (b) the Defendant's failure to act in good faith and in a commercially reasonable manner relative to the this loan: (c) the Defendant's violations of Chapter 93A of the Massachusetts General Laws; and (d) the uncertainty as to whether the Defendant is the holder in due course with the requisite empowerment to foreclose on the subject property.

WHEREFORE, the Plaintiffs demand as follows:

1.    That this Honorable Court issue a Temporary Restraining Order/ Preliminary Injunction restraining and enjoining the Defendant, their attorneys. their agents, their employees or any other person or entity acting under their direction or control either directly or indirectly from foreclosing upon the premises owned by the Plaintiffs located at 7 Neilson Avenue, Everett, Massachusetts until further order of this Court.

2.    That this Honorable Court make a declaration of the rights and liabilities of the parties pursuant to MGL. CH. 231A Section 1, Chapter 183C of the Massachusetts General Laws and Chapter 93A of the Massachusetts General Laws.

3.    That this Honorable Court issue such further and additional relief as is appropriate and just.

Respectfully submitted,
Plaintiff, Carlos H. McKensi
By his Attorney

Matthew E. Forbes, Esq,
Gallagher & Associates, PC
Dba ForbesGallagher
MA Bar # 642310
30 ManMar Drive, Suite 11
Plainville, MA 02762
(508) 809-6141 (office)
(508) 809-6149 (fax)
mforbes@forbesgallagher.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on October 19, 2009, we filed with the Middlesex Superior Court in Woburn an original of this document. We also certify that the foregoing document is being served this day on all Registered Agents identified on the attached Service List by Constable, and to Harmon Law offices by electronic mail.

Respectfully submitted,

Gallagher & Associates, PC
Dba ForbesGallagher
30 ManMar Drive, Suite 11
Plainville, MA 02762
Ph:    (508) 809-6141
Fax:   (508) 809-6149

By:    _____
Matthew Forbes, Esq
MA Bar No. 642310

Service List

Bank of America, NA
C/O CT Corporation System
155 Federal Street
Suite 700
Boston, MA 02110

EXHIBIT 1

ZAK LAW OFFICES PC

TRADIX OFFICE PARK
200 HIGHLAND AVENUE
NEEDHAM, MA 02494

(781) 898-9959
TELECOPIER: (443) 817-4581

October 14, 2009

Litton Loan Servicing

4828 Loop Central Dr.

Houston, TX 77081-2212

GMAC

PO Box 4622

Waterloo, IA 50704-4622

RE:   Carlos Mckensi,
      7 Nielson Ave., Everett, MA  02149

      First Mortgage Loan Number: 18747162

      Second Mortgage Loan Number: 0359320124

Dear Sir/Madam:

Please be advised this firm has been retained by **Carlos Mckensi** hereinafter ("borrowers") relative to the above referenced loans. This letter is being made as a demand that you agree to a modification of the current loans and further to notify you that the loans are in violation of both Federal and State laws, including but not limited to, Massachusetts General Laws Chapter 93 A and the Regulations of the Attorney General enacted pursuant thereto.

As you may be aware, a demand for relief pursuant to Massachusetts General Laws Chapter 93 A and the Regulations of the Attorney General enacted pursuant thereto require you to respond in writing with a reasonable offer of settlement on or within thirty (30) days of your receipt of this demand letter. A failure to properly respond and/or a violation of 93A can subject you to not only an award of attorney fees against you, but also for an award from a Court of competent jurisdiction, for up to three times the amount of actual damages sustained.

The loans that were entered into with you have been analyzed. Pursuant to the analysis that has been performed, it has been determined that there are a number of State and Federal violations. You should note that any violation of law relative to these loans will also constitute a violation of

Massachusetts General Laws Chapter 93 A. The violations of law that we have found in our analysis related to the loans are:

(1)     The first mortgage loan is in violation of Massachusetts of General Laws Chapter 183C, Section 2 as the loan has a ceiling rate that exceeds the permissible limit. The ceiling rate on this adjustable mortgage is **14.675%**. The principle maximum rate for this loan is **12.91%**. This is calculated by adding 8 percentage points to the yield on U.S. Treasury Securities having a comparable period maturity to the loan as of 15 days prior to the loan application for extension of credit. Because the ceiling rate of **14.675%** exceeds the permissible threshold, a violation of Massachusetts General Laws Chapter 183C, Section 2 has occurred.

(2)     The first mortgage loan in question is in violation of Massachusetts General Laws Chapter 183C, Section 3. Pursuant to this statute, the borrower is required to receive counseling on the advisability of the loan transaction prior to the transaction being undertaken. Counseling is to be provided by a counselor approved by the Division of Banks for the Commonwealth of Massachusetts and by the office for Housing and Urban Development (HUD). A high cost home mortgage loan originated by a lender in violation of this section is not enforceable as a matter of law. At or before closing a high cost home mortgage loan, the lender is required to obtain evidence that the borrower has completed an approved counseling program. In this instance, the borrower did not complete an approved lending program or receive counseling on the advisability of entering into this transaction. Accordingly, not only is the loan in violation of statue but the loan is also of no force or effect.

(3)     The first mortgage loan is in violation of Chapter 183C, Section 4. In the subject loan file, the Lender could not have reasonably believed that the borrower would have been able to repay the loan. The borrower's stated income given on Page 2 of the Uniform Residential Loan Application is not supported by an independent verification of the borrower's tax return, which would indicate that the borrower could not afford the loan at the time of loan application or at adjustment. Under Section 4 and Federal law, the lender was obligated to verify that the borrower's scheduled monthly payments on the loan, including principal, interest, taxes, insurance, and assessments, combined with the scheduled payments for all other debt, did not exceed 50% of the borrowers documented and verified monthly gross income. There is no signed 4506-T disclosure provided in the loan file, indicating that the Lender did not verify the borrower's monthly income. By failing to verify the income to assess the borrower's ability to repay the loan, the lender violated Section 4 and the loan is therefore not enforceable.

(4)     Pursuant to Massachusetts General Laws Chapter 183C, Section 18(a), a violation of Chapter 183C constitutes a violation of Massachusetts General Laws Chapter 93A, Section 2. Because the loan failed Chapter 183C, Section 2, a violation of Chapter 93 A is also apparent.

(5)     The first mortgage is in violation of HOEPA Regulations as found in TILA, Section 226.32 for the reasons stated in paragraph 1.

(6)     The first and second mortgage loan contains a violation of FACTA as found at 15 U.S.C., Section 1681(g) and Section 609(g)(1)(D). The borrowers were not provided by the lender the FACTA disclosures required by these mortgages.

(7)     The first and second mortgage loan is in violation of RESPA, Section 3500.21(d) in that the bank has transfer or as transferee did not notify the borrower at least fifteen (15) days in advance

of the transfer with the Notice of Transfer. This loan originated with **South Star Funding LLC** and **SouthStar Funding, LLC** the borrower currently makes payment to **Litton Loan Servicing** and **GMAC.**

As can be seen by the foregoing, significant and numerous violations of law both Federal and State exist which render these loans to be violative of Massachusetts General Laws Chapter 93A and the Regulations of the Attorney General enacted pursuant thereto. Demand is therefore hereby made in conformity with the statue to require you to make a reasonable settlement offer.

Your attention is further drawn to Massachusetts General Laws Chapter 244 Section 35B (proposed). Pursuant to this statue, a creditor shall not commence foreclosure upon a mortgage loan unless it has first taken reasonable steps and good faith efforts to avoid foreclosure. Section 35B sets forth three considerations to be undertaken in determining whether a creditor has taken reasonable steps and good faith efforts prior to commencing foreclosure. They are: (1) an assessment of the borrower's current circumstances, including without limitation the borrower's current income, debts and obligations; (2) the net present value of receiving payments pursuant to a modified mortgage loan as compared to the anticipated net recovery following foreclosure; and (3) the interest of the creditor including without limitation the creditors, investors and tax payers if the creditor has received Federal or State money. In the case of these borrowers, it appears that all three of the components of Section 35B mitigate in favor of modification of these mortgages.

The current first mortgage has a loan amount of **$390,000** and carries an interest rate of **8.675%** generating a payment of **$2,979.77** per month. The second mortgage of **$99,425.44** carries an interest rate of **14%** generating a monthly payment of **$1,182.51**; in total this represents payments of **$4,162.28.** The borrower, however, can not afford these payments as his/her income has diminished substantially due. Evidence of the borrower's decreased personal income can be verified by an examination of the borrower's 2007 and 2008 tax returns as well as the borrower's 2009 payment receipts and/or profit & loss statements. As a result of these hardships, the borrower has been unable to stay current with his/her loan payments and the loan is currently in arrears. In addition, the borrower can neither refinance nor sell the property as the total mortgages exceed **$489,425** with a current value of the property at less than **$291,357**. The only appropriate option and/or remedy would be the restructuring of this loan.

Attached hereto you will find a Lender Benefit Analysis that has been performed relative to the property. As the Lender Benefit Analysis indicates it would be in the lenders and its investor's best interest to restructure the loans by writing down the loans to a principle amount of **$262,221.30**, reducing the interest rate to 2% and extending the payment term to 480 months. By doing so, a payment that is viable and achievable for the borrowers will be utilized.

If this does not occur the property will go into foreclosure and a forced sale which would likely result in the property becoming owned by the lender. In so doing, the lender would suffer a loss of approximately **91.69%** of the amount previously loaned. By utilizing our proposed modification, the lender would ultimately not only recoup the amounts lent, but also retain a profit of **$381,160.69**.

As the foregoing clearly indicates, all three of the factors set forth in section 35B mitigate in favor of modification of this loan. In light of such conclusion and in light of the violations of law that exist, it is our request that you respond in writing in conformity with Chapter 93 A with a reasonable settlement offer on or within thirty (30) days of the date of this letter. Please note that all communications regarding these debts relative to this borrower should be handled through this office from this point onward.

As can be seen by all of the forgoing, the restructuring of the debt in this instance would require the first mortgage be reduced by approximately **$236,779**. We are asking of you, as the lender, to consider this proposal and to contact us regarding possible modification. Please note our request for modification should not be construed to be a waiver of any of the violations of law cited above.

Thank you for your anticipated cooperation.

Very truly yours,

David Zak, Esq.

cc:    Carlos Mckensi

**Loan Modification Group of Massachusetts**

## *Lender Benefit Analysis*

Borrower:                    Carlos Mckensi          Co-Borrower:

Property Address:            7 Nielson Ave.          Everett, MA 02149

| | Current | | Proposed |
|---|---|---|---|
| | Orig Loan | 2nd Loan | |
| Original Loan Amount | $399,200.00 | $99,800.00 | $262,221.30 |
| Current Interest Rate | 8.675% | 14% | 2.00% |
| Terms in Months | 360 | 180 | 480 |
| Monthly Payment | $2,979.77 | n/a | $794.08 |
| Tax & Insurance | | n/a | |
| Total Monthly Payment | $2,979.77 | $1,182.51 | $794.08 |
| | | BPO of Prop. | $291,357 |
| # of Payments Missed | 14 | $58,271.92 | $0.00 |
| # of Additional Payments Missed | 4 | $16,649.12 | $0.00 |
| # of Days During Foreclosure Resulting in No Paymnt. | 120 | $16,649.12 | $0.00 |
| Bankruptcy Filed Foreclosure delay in Months | 3 | $12,486.84 | $0.00 |
| Attorney Fees during Foreclosure | $3,000 | $3,000 | $0.00 |
| Rehabilitation Cost | $10,000 | $10,000 | $0.00 |
| Loss from Principal | | $207,643.00 | $0.00 |
| Realtor Fees | 5.00% | $17,481.42 | $0.00 |
| Holding Costs | 8 | $23,838.16 | $0.00 |
| Total Expenses of 1st Mortgage | $865,019.58 | | $0.00 |
| Expected Loss or Gain from Lender | | $-366,019.58 | $-236,778.70 |
| R.O.I Gain/Loss | | -92.00% | $381,160.69 |

I, Carlos Mckensi / , do hereby acknowledge that on June 24, 2009, I have received from **Loan Modification Group of Massachusetts (LMGM)** this Lender Benefit Analysis as analytical research work product and have remitted payment to LMGM as payment for said research upon receiving this documentation.

**Signed under the pains & penalties of perjury:**

_____          _____
          Borrower                         Co-Borrower

_____
          Date

**Additional Consideration:**
If property goes into foreclosure then the lender will assume the property, it probably won't sell at the auction and will then become an REO property.



18747162


*Certified Public Accountants & Business Advisors*

# LOAN AUDIT REPORT

**For: Loan Modification Group**

**Client Name:  Carlos H. McKensi 1st Mtg**

**Date:  June 30, 2009**

1400 Computer Drive
Westborough, MA 01581
508.926.2200
508.616.4402 *fax*
www.ccrllp.com



*Certified Public Accountants & Business Advisors*                    <u>p. 2 / 18</u>

LOAN AUDIT REPORT

INDEX

**SECTIONS:**

I.    Client Summary

II.   Loan Data

III.  Mass Regulations Findings

IV.   Federal Regulations Findings



*Certified Public Accountants & Business Advisors*

**LOAN AUDIT REPORT**

## SECTION I  Client Summary

| Client Summary | | |
|---|---|---|
| **Borrower(s):** | | |
| Carlos H. McKensi | | |
| | | |
| **Subject Property:** | | |
| 7 Nielson Ave <br> Everett, MA 02149 | | |
| | | |
| **Loan No.:** | | |
| 2112110319 | | |
| | | |
| **Date of Settlement:** | | |
| June 28, 2006 | | |
| | | |
| **Ownership Type:** | | |
| Owner Occupied | Yes | Investment |
| Single Family | Yes | Multi-Family |
| Primary Residence | Yes | Second Home |



Certified Public Accountants & Business Advisors

p. 4 / 18

## SECTION II  Loan Data

| Loan Data | |
|---|---|
| Loan Amount: $399,200 | ARM Info: 2/1 month |
| Mortgage Originator: | First Rate Change: July 2008 |
| Union Capital Mortgage | Ceiling Rate: 14.675% |
| Lender: | Floor Rate: 8.675% |
| SouthStar Funding LLC<br>PO Box 200010<br>Kennesaw, GA 30156 | |
| Current Lender: | CAP: 1.000% |
| GMAC Mortgage | Fixed Period: 2 years |
| | Adjustment Period Thereafter: one months |
| Appraisal Company: | |
| | Margin plus index Rate: 5.675% plus index |
| Asante Appraisal | |
| | Comparable US Treasury Security and Maturity: 4.96% as of 4/13/06 for 2 year maturity |
| Appraisal Value:  N/A | FRB: Federal Reserve Statistical Release H.15 - Historical Data |
| Amortization Type:  Conventional | |
| Loan Purpose:  Purchase | |
| Lien Position:  1st | |
| Index Used:  Adjustable six month LIBOR | |
| Term:  40 Years | |
| Note Rate:  8.675% | |
| LTV: N/A | |

CCR makes no representations and warranties of any kind and assumes no liability whatsoever for any audit report findings, including incorrect findings, arising from inaccurate data, improper classification of data, or erroneous interpretations of the loan data submitted for review.  We are an experienced resource to your management team, however LMG acknowledges that CCR is only performing a cursory review and our findings do constitute a full audit and LMG should not rely on this report for compliance mitigation.



*Certified Public Accountants & Business Advisors*

## SECTION III  Massachusetts Regulation Compliance

**Massachusetts General Laws Chapter 183C Section 28C**                    **PASS**

**Regulation considerations:**
Under Massachusetts General Laws Chapter 183C Section 28C has a lender, "not knowingly ma[de] a home loan [which] pays off all or part of an existing home loan that was consummated within the prior 60 months or other debt of the borrower, unless the refinancing [was] in the borrower's interest. The "borrower's interest" standard shall be narrowly construed, and the burden is upon the lender to determine and to demonstrate that the refinancing is in the borrower's interest." Factors to be considered in determining if the refinancing is in the borrower's interest include but are not limited to:-

(1) the borrower's new monthly payment is lower than the total of all monthly obligations being financed, taking into account the costs and fees;

(2) there is a change in the amortization period of the new loan;

(3) the borrower receives cash in excess of the costs and fees of refinancing;

(4) the borrower's note rate of interest is reduced;

(5) there is a change from an adjustable to a fixed rate loan, taking into account costs and fees; or

(6) the refinancing is necessary to respond to a bona fide personal need or an order of a court of competent jurisdiction."

**FINDINGS: NONE**



*Certified Public Accountants & Business Advisors*                                           p. 6 / 18

**Massachusetts General Laws Chapter 183C Section 2 (High Cost Mortgage Loan)     FAIL**

**Regulation considerations:**

Under Massachusetts General Laws Chapter 183C Section 2 has the Lender extended a home mortgage loan that meets one of the following conditions:

(i) the annual percentage rate at consummation will exceed by more than 8 percentage points for first-lien loans, or by more than 9 percentage points for subordinate-lien loans, the yield on United States Treasury securities having comparable periods of maturity to the loan maturity as of the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the lender; and when calculating the annual percentage rate for adjustable rate loans, the lender shall use the interest rate that would be effective once the introductory rate has expired; [or]

(ii) Excluding either a conventional prepayment penalty or up to 2 bona fide discount points, the total points and fees exceed the greater of 5 per cent of the total loan amount or $400; the $400 figure shall be adjusted annually by the commissioner of banks on January 1 by the annual percentage change in the Consumer Price Index that was reported on the preceding June 1."

**FINDINGS:**

The ceiling rate on this ARM is 14.675%. The yield on United States Treasury securities having comparable periods of maturity to the loan maturity as of the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the lender is 4.96% as of 4/13/06 for a 2 year Constant maturity. 1st lien plus 8 percentage points from 4.96%= 12.96%. This ceiling rate of 14.675% exceeds this threshold.



*Certified Public Accountants & Business Advisors*                                    p. 7 / 18

**Massachusetts General Laws Chapter 183C Section 3 (Credit Counselor Certification) FAIL**

**Regulation Considerations:**

Under Massachusetts General Laws Chapter 183C Section 3 if the subject loan is determined to be a "high-cost home mortgage loan" as specified above, the lender, "may not make a high-cost home mortgage loan without first receiving certification from a counselor with a third-party nonprofit organization approved by the United States Department of Housing and Urban Development, a housing financing agency of this state, or the regulatory agency which has jurisdiction over the creditor, that the borrower has received counseling on the advisability of the loan transaction. Counseling shall be allowed in whole or in part by telephonic means. The commissioner shall maintain a list of approved counseling programs. A high cost home mortgage loan originated by a lender in violation of this section shall not be enforceable. At or before closing a high cost home mortgage loan, the lender shall obtain evidence that the borrower has completed an approved counseling program."

**FINDINGS:**

The Borrower(s) state in their affidavit that they did not receive credit counseling from a certified provider before the loan was closed.



**Massachusetts General Laws Chapter 183C Section 4 (Income Verification)**        **PASS**

**Regulation Considerations:**

Under Massachusetts General Laws Chapter 183C Section 4 if the subject loan is determined to be a "high-cost home mortgage loan" as specified above, the lender, "shall not make a high-cost home mortgage loan unless the lender reasonably believes at the time the loan is consummated that 1 or more of the obligors, will be able to make the scheduled payments to repay the home loan based upon a consideration of the obligor's current and expected income, current and expected obligations, employment status, and other financial resources other than the borrower's equity in the dwelling which secures repayment of the loan.

There shall be a presumption that the borrower is able to make the scheduled payments if, at the time the loan is made, and based on the monthly payments as calculated based on the index plus the margin at the time the loan is made, in the case of loans with lower introductory rates: (1) the borrower's scheduled monthly payments on the loan, including principal, interest, taxes, insurance, and assessments, combined with the scheduled payments for all other debt, do not exceed 50 per cent of the borrowers documented and verified monthly gross income, if the borrower has sufficient residual income as defined in the guidelines established in 38 CFR 36.4337(e) and VA form 26-6393 to pay essential monthly expenses after paying the scheduled monthly payments and any additional debt."

FINDINGS: NONE



*Certified Public Accountants & Business Advisors*

**Massachusetts General Laws Chapter 183C Section 5 (Prepayment Penalty Fees)**      **PASS**

**Regulation consideration:**

Under Massachusetts General Laws Chapter 183C Section 5, "a high-cost home mortgage loan shall not contain any provision for prepayment fees or penalties."

**FINDINGS: NONE**

**Massachusetts General Laws Chapter 183C Section 8 (Increased Future Payments)   PASS**

**Regulation consideration:**

Under Massachusetts General Laws Chapter 183C Section 8, "A high-cost home mortgage loan shall not contain a scheduled payment that is more than twice as large as the average of earlier scheduled payments. This subsection shall not apply when the payment schedule is adjusted to the seasonal or irregular income of the borrower."

**FINDINGS: NONE**



*Certified Public Accountants & Business Advisors*

**Massachusetts General Laws Chapter 183C Section 10 (Negative Amortization)    PASS**

**Regulation consideration:**

Under Massachusetts General Laws Chapter 183C Section 10, "A high-cost home mortgage loan shall not contain a payment schedule with regular periodic payments such that the result is an increase in the principal amount."

**FINDINGS: NONE**

**Massachusetts General Laws Chapter 183C Section 18(a) (M.G.L. Chapter 93A)    FAIL**

**Regulation consideration:**
Under M.G.L. Ch. 183C s. 18(a), "A violation of this chapter [183C] shall constitute a violation of chapter 93A."

Under Chapter 93A: Section 2 unfair practices; legislative intent; rules and regulations:
"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

**FINDINGS:**

As noted above: the loan failed Chapter 183C Section 2 through 3 and thus is in violation of M.G.L. chapter 93A.



*Certified Public Accountants & Business Advisors*

## SECTION IV   Federal Regulation Compliance

---

**TILA 226.22 Annual Percentage Rate (Closed-End Credit) §226.22**          **PASS**

---

**Regulation considerations:**
Under TILA 226.22 APR tolerances are as follows:
"The disclosed APR on a closed-end transaction is accurate for:
Mortgage transactions, if it is within one-eighth of 1 percentage point for regular transactions or one-quarter of 1 percentage point for irregular transactions and:
1. The rate results from the disclosed finance charge; and
2. The disclosed finance charge would be considered accurate under §226.18(d)(1) or §226.23(g) or (h) (§226.22(a)(4))."

*NOTE: There is an additional tolerance for mortgage loans when the disclosed finance charge is calculated incorrectly but is considered accurate under §226.18(d)(1) or §226.23(g) or (h) (§226.22(a)(5)).*

**FINDINGS: NONE**

---

**TILA 226.18(d) APR- Accuracy Tolerances Finance charge (Closed-End Credit)     PASS**

---

**Regulation considerations:**
Under TILA 226.18(d)  Finance Charge Accuracy tolerances are as follows:
"Tolerances for certain transactions consummated on or after September 30, 1995 are noted below.
• Credit secured by real property or a dwelling (closed-end credit only):
° The disclosed finance charge is considered accurate if it does not vary from the actual finance charge by more than $100."

**FINDINGS: NONE**



*Certified Public Accountants & Business Advisors*                                   p. 12 / 18

| HOEPA | High-Rate, High-Fee Loans (HOEPA/Section 32 Mortgages) | FAIL |
|---|---|---|

**Regulation consideration:**
HOEPA is implemented under TILA 226.32, only certain loan transactions are covered by the law: "Section 32 "high-cost" mortgage loans are limited to non-purchase money home loans (i.e., mortgage loans on homes already owned, such as refinancings or home equity loans)."

**A loan is covered by the law if it meets the following tests:**

A) for a first-lien loan, that is, the original mortgage on the property, the annual percentage rate (APR) exceeds by more than eight percentage points the rates on Treasury securities of comparable maturity;

B) for a second-lien loan, that is, a second mortgage, the APR exceeds by more than 10 percentage points the rates in Treasury securities of comparable maturity; or

C) the total fees and points payable by the consumer at or before closing exceed the larger of $583 or eight percent of the total loan amount. (The $583 figure is for 2009. This amount is adjusted annually by the Federal Reserve Board, based on changes in the Consumer Price Index.) Credit insurance premiums for insurance written in connection with the credit transaction are counted as fees.

**If the loan qualifies as a HOEPA loan, perform the following tests which are banned from high-rate, high-fee loans:**

| HOEPA | Balloon Payment Test | PASS |
|---|---|---|

HOEPA is implemented under TILA 226.32 (d)(1)(i) the following is prohibited:
"All balloon payments — where the regular payments do not fully pay off the principal balance and a lump sum payment of more than twice the amount of the regular payments is required — for loans with less than five-year terms. There is an exception for bridge loans of less than one year used by consumers to buy or build a home: In that situation, balloon payments are not prohibited."

**FINDINGS: NONE**



*Certified Public Accountants & Business Advisors*

| **HOEPA** | **Negative Amortization Test** | **PASS** |

HOEPA is implemented under TILA 226.32 (d)(2) the following is prohibited:
"Negative amortization, which involves smaller monthly payments that do not fully pay off the loan and that cause an increase in your total principal debt."

**FINDINGS: NONE**

| **HOEPA** | **Repayment Schedule Test** | **PASS** |

HOEPA is implemented under TILA 226.32 (d)(3) the following is prohibited:
"A repayment schedule that consolidates more than two periodic payments that are to be paid in advance from the proceeds of the loan."

**FINDINGS: NONE**

| **HOEPA** | **Interest Rates Test** | **PASS** |

HOEPA is implemented under TILA 226.32 (d)(4) the following is prohibited:
"Default interest rates which are higher than pre-default rates."

**FINDINGS: NONE**

| **HOEPA** | **Default Rebates of Interest Test** | **PASS** |

HOEPA is implemented under TILA 226.32 (d)(5) the following is prohibited:
"Rebates of interest upon default calculated by any method less favorable than the actuarial method. "

**FINDINGS: NONE**



*Certified Public Accountants & Business Advisors*                                      p. 14 / 18

| HOEPA | Prepayment Penalties Test | PASS |
|---|---|---|

HOEPA is implemented under TILA 226.32 (d)(6) the following is prohibited:
"Most prepayment penalties, including refunds of unearned interest calculated by any method less favorable than the actuarial method. The exception is if:

- o   the lender verifies that the borrower(s) total monthly debt (including the mortgage) is 50 percent or less of borrower(s) monthly gross income;

- o   the borrower(s) get the money to prepay the loan from a source other than the lender or an affiliate lender; and

- o   the lender exercises the penalty clause during the first five years following execution of the mortgage."

**FINDINGS: NONE**


| HOEPA | Demand Clause Test | PASS |
|---|---|---|

HOEPA is implemented under TILA 226.32 (d)(8) the following is prohibited:
"A due-on-demand clause. The exceptions are if:

- o   there is fraud or material misrepresentation by the consumer in connection with the loan;

- o   the consumer fails to meet the repayment terms of the agreement; or

- o   there is any action by the consumer that adversely affects the creditor's security."

**FINDINGS: NONE**



*Certified Public Accountants & Business Advisors*

**RESPA 3500.7(c)HUD-1 Broker/ 3ʳᵈ Party fees compared to GFE reasonable?        PASS**

**Regulation consideration:**
Under RESPA 3500.7(c),
"A good faith estimate consists of an estimate, as a dollar amount or a range of each charge which:
    (1) Will be listed in section L of the HUD-1, or HUD-1A in accordance with the instructions set forth in Appendix A to this part; and
    (2) That the borrower will normally pay or incur at or before settlement based upon common practice in the locality of the mortgaged property. Each such estimate must be made in good faith and bear a reasonable relationship to the charge a borrower is likely to be required to pay at settlement, and must be based upon experience in the locality of the mortgaged property. AS to each charge with respect to which the lender requires a particular settlement service provider to be used, the lender shall make its estimate based upon the lender's knowledge of the amounts charged by such provider."

**FINDINGS: NONE**


**RESPA 3500.8(a) HUD-1 disclosed all closing costs paid outside of closing (POC)    PASS**

**Regulation consideration:**
Under RESPA 3500.8(a),
"The settlement agent shall use the HUD-1 settlement statement in every settlement involving a federally related mortgage loan in which there is a borrower and a seller. For transactions in which there is a borrower and no seller, such as refinancing loans or subordinate lien loans, the HUD-1 may be utilized by using the borrower's side of the HUD-1 statement. Charges to be stated. The settlement agent shall complete the HUD-1 or HUD 1A in accordance with the instructions set forth in appendix A to this part."

**FINDINGS: NONE**



*Certified Public Accountants & Business Advisors*

p. 16 / 18

**RESPA 3500.21(d)    Did the Bank, as transferor, or as a transferee notify the borrower at least 15 days in advance of transfer with the notice of transfer?                FAIL**

**Regulation consideration:**
Under RESPA 3500.21(d),
"(A) The transferor servicer shall deliver the Notice of Transfer to the borrower not less than 15 days before the effective date of the transfer of the servicing of the mortgage servicing loan;
(B) The transferee servicer shall deliver the Notice Transfer to the borrower not more than 15 days after the effective date of the transfer; and
(C) The transferor and transferee servicers may combine their notices into one notice, which shall be delivered to the borrower not less than 15 days before the effective date of the transfer of the servicing of the mortgage servicing loan.

**FINDINGS:**

The borrower(s) state in their affidavit that they never received the notice to transfer disclosure prior to the transfer.  The loan originated with **SouthStar Funding LLC** and the borrower(s) currently makes payment to **GMAC Mortgage**.

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

MIDDLESEX, SS.

CIVIL DOCKET# **MICV2009-04040**

Carlos H. McKensi, Plaintiff
vs.
Bank of America, N.A., Defendant

## SUMMONS AND RESTRAINING ORDER

To the above named Defendant:

    You are hereby summoned and required to serve upon, plaintiff's attorney,
**Matthew E Forbes, Esquire of Gallagher & Associates PC**
**30 ManMar Drive, Suite 11 Plainville, MA 02762,**
, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

    You are also required to file your answer to the complaint in the office of Clerk of this Court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    **WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction.

    And that a hearing upon such application will be held at the court house at said **Woburn**, in said county, on **10/29/2009** A.D. at **02:00 PM**, in **Civil J - Ct Rm 420 - 200 Trade Center, Woburn** at which time you may appear and show cause why such application should not be granted.

    In the meantime, until such hearing, **WE COMMAND YOU**, said **Bank of America, N.A.** and your attorneys, agents, employees or any other person or entity acting under your direction or control either directly or indirectly, to desist and refrain from foreclosing upon the premises owned by the Plaintiff located at 7 Neilson Avenue, Everett, Massachusetts until further order of this Court

    **Witness, Barbara J. Rouse**, Esquire, Chief Justice of the Superior Court at Woburn, Massachusetts this 19th day of October, 2009.

.................................................... _____
                                                            Clerk

## (AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

A true copy Attest: *John Catta*
_____
Deputy Sheriff Suffolk County

cvcortroise_2.wpd 793099 hrgpin macirobe

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.

CARLOS H. MCKENSI,
Plaintiff

vs.

BANK OF AMERICA, NA
Defendants

09-1040

0425A000010/19/09TR0                90.00

ATTESTED COMPLAINT

The Plaintiff, CARLOS H. MCKENSI (hereinafter
individual with a usual place of residence at 7 Neilson
County of Middlesex, Commonwealth of Massachusetts.

0423A000010/19/09CIVIL             240.00
0423A000010/19/09SURCHARGE          15.00
0423A000010/19/09SECC               20.00

Upon information and belief, the Defendant, BANK OF AMERICA, NA,
is a foreign corporation not registered with the Commonwealth of
Massachusetts and having a usual place of business at 101 South Tryon
Street, Charlotte, North Carolina 28255.

3.    The Defendant has subjected itself to the long arm jurisdiction of this
      Court by having undertaken business and/or transactional business in the
      Commonwealth of Massachusetts. The Defendant has and continues to
      utilize the Courts of the Commonwealth of Massachusetts for its purposes
      and has thereby submitted itself to the long arm jurisdiction of the Courts
      of the Commonwealth of Massachusetts.

4.    The Plaintiff is the owner of a certain property known as and numbered 7
      Neilson Avenue, Everett, Massachusetts, hereinafter the "property" or the
      "premises".

5.    On or about June 28, 2006, the Plaintiff entered into a loan arrangement
      with Mortgage Electronic Registration Systems, Inc., ("Lender"), whereby
      the Lender did loan certain monies to the Plaintiff relative to the premises
      in question.

6.    At the time of the initial loan, both a first mortgage and a second mortgage
      were entered into.