UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS H. MCKENSI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, N.A., )<br>)<br>Defendant. )<br>) | Civil Action No.  1:09-cv-11940-JGD |

**BANK OF AMERICA, N.A.'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

**(Memorandum of Law Incorporated)**

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendant Bank of America, N.A., as Trustee ("Bank of America")[1] moves to dismiss the "Attested Complaint" filed by Plaintiff Carlos H. McKensi ("McKensi") or, in the alternative, for a more definite statement setting forth McKensi's particular cause of action under G. L. c. 183C.

This action arises out of McKensi's June 2006 purchase of real property located at 7 Nielson Avenue Everett, Massachusetts (the "Property").  To finance the purchase, McKensi obtained two loans from SouthStar Funding, LLC that were secured by mortgages on the Property.  Now, after failing to make mortgage payments for nearly two years, McKensi filed this action seeking to prevent a scheduled foreclosure and to invalidate the mortgages.  Although McKensi's complaint fails to enumerate his causes of action, it appears as though his complaint consists of two counts:  (1) an alleged violation of G. L. c. 93A ("Chapter 93A"); and (2) an

---

[1] Bank of America is the successor-by-merger to LaSalle Bank National Association, and as such is serving as the Trustee under the Pooling and Servicing Agreement dated as of December 1, 2006, GSAMP Trust 2006-HE8.

alleged violation of G. L. c. 183C ("Chapter 183C"). Notwithstanding his allegations, McKensi is barred from asserting a claim under Chapter 93A because of his failure to issue a demand letter to Bank of America before commencing this action. Similarly, his claim under Chapter 183C fails due to the conspicuous absence of the most elemental of facts that would entitle him to relief under that statute – an allegation that the loans in question were "high-cost home mortgage loans." Bank of America therefore respectfully requests that the Court dismiss McKensi's Attested Complaint with prejudice, or in the alternative, order that McKensi submit a more definite statement concerning his claim under Chapter 183C.

## FACTS AS ALLEGED IN THE COMPLAINT

On June 28, 2006, McKensi obtained two purchase-money loans from SouthStar Funding, LLC ("SouthStar")[2], each of which was secured by a mortgage on the Property. (Complaint, ¶ 5-6). According to McKensi, the loans were "predatory" and "contain violations of [Chapter 183C] and contain violations of various Federal loan and credit statutes." (Id., ¶¶ 10 and 12).

Bank of America is the current holder of McKensi's first mortgage. (Id., ¶ 7). Following McKensi's default, Bank of America scheduled a foreclosure sale for October 20, 2009. (Id., ¶ 8). On October 14, 2009, McKensi issued a Chapter 93A demand letter to Litton Loan Servicing LP ("Litton") and GMAC, requesting that the foreclosure sale be postponed. (Id., ¶¶ 15 and 16; *Chapter 93A Demand Letter*, a copy of which is attached as Exhibit 1 to the Complaint). Six days later, on October 19, 2009, McKensi filed this action alleging that Bank of America had "failed and/or refused to respond to the demand letter." (Complaint, ¶ 17). McKensi seeks to

---

[2] The Complaint identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the lender. This is incorrect. SouthStar was the lender under the terms of McKensi's mortgage. MERS served as the mortgagee, as nominee for SouthStar. The difference is immaterial for purposes of this motion.

"restrain" the pending foreclosure sale due to, among other things, the "predatory" nature of the loans and Bank of America's alleged "violations of Chapter 93A." (Complaint, ¶ 18).

## ARGUMENT

**A.   McKensi Is Barred From Asserting A Claim Under Chapter 93A Because Of His Failure To Issue A Demand Letter To Bank of America.**

At least thirty days before the filing of a lawsuit alleging a violation of Chapter 93A, a consumer must first issue a demand letter to the prospective defendant reasonably describing the alleged unfair or deceptive act and the injury suffered. G. L. c. 93A, § 9(3). This statutory requirement "is not merely a procedural nicety, but, rather, a 'prerequisite to suit.'" Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004), quoting Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975). The demand letter is a "special element" of this claim that must be separately alleged in the complaint. Rodi, 389 F.3d at 20; Cimon v. Gaffney, 401 F.3d 1, 7 (1st Cir. 2005); Thorpe v. Mutual of Omaha Ins. Co., 984 F. 2d 541, 544 (1st Cir. 1993). Failure to allege service of this demand letter requires dismissal of the Chapter 93A claim and precludes McKensi from recovery. See Rodi, 389 F.3d at 20 (dismissing 93A claim for failure to allege service of a demand letter); see also McMillen v. Kadis (In re McMillen), 390 B.R. 1, 9 (D. Mass. 2008) (same).

By serving a demand letter on Litton and GMAC, McKensi acknowledged his obligation to comply with the requirements of G. L. c. 93A, § 9(3). Inexplicably, however, McKensi failed to serve a demand letter on Bank of America – the only party whom he chose to name as a defendant. McKensi did not inform these entities that he was serving the letter on them as agents for Bank of America, nor did he allege this in his complaint. Rather, he sought pre-litigation relief from Litton and GMAC for their own alleged violations of Chapter 93A. (*Demand Letter*, 3, ¶ 2 - "Demand is therefore hereby made in conformity with the statute to require *you* to make

a reasonable settlement offer") (emphasis supplied).  McKensi's failure to issue a similar demand to Bank of America precludes the claim he has now asserted as a matter of law.

Even if the demand letter issued to Litton and GMAC were somehow construed to be sufficient service on Bank of America, McKensi failed to allow thirty days to pass before instituting this action.  Instead, he waited only five days and represented to the Court that the prospective defendant failed to respond to the demand.  McKensi's failure to issue the demand letter at least thirty days prior to filing this action precludes this claim as a matter of law.

McKensi's failure to comply with the requirements of G. L. c. 93A, § 9(3) bars his Chapter 93A claim as a matter of law.  Accordingly, Bank of America respectfully requests that the Court dismiss this claim.

**B.      The Claim Under Chapter 183C Fails As A Matter of Law Because McKensi Has Not Alleged That His Loan Is A "High Cost Home Mortgage Loan."  In The Alternative, McKensi Should Be Ordered To Provide A More Definite Statement Regarding This Count.**

Chapter 183C prohibits the lending of "high cost home mortgage loans" unless the lender reasonably believes at the time the loan is made that the borrower will be able to repay the amounts owed. G. L. c. 183C, § 4; see Commonwealth v. Fremont Investment & Loan, 452 Mass. 733 (2008).  The statute specifically defines a "high cost home mortgage loan" as a loan that is secured by the borrower's principal dwelling that meets either of the following conditions:

> (i) the annual percentage rate at consummation will exceed by more than 8 percentage points for first-lien loans . . . the yield on United States Treasury securities having comparable periods of maturity to the loan maturity as of the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the lender . . .; or
>
> (ii) [e]xcluding either a conventional prepayment penalty or up to 2 bona fide discount points, the total points and fees exceed the greater of 5 per cent of the total amount or $400 . . . .

G. L. c. 183C, § 2.  A loan that does not qualify as a "high cost home mortgage loan" is not subject to Chapter 183C.  <u>Laudani v. Tribeca Lending Corp.</u>, 401 B.R. 9, *52-55 (Bankr. D. Mass. 2009).

McKensi fails to allege any of the essential facts to prove that he either had a "high cost loan" as defined by M.G.L.c.183, § 2 or that the statute was violated.  In particular, McKensi fails to identify:

- the annual percentage rate to his loan, was in fact more than 8 percentage points;
- the applicable yield on comparable U.S. Treasury securities; or
- the total points and fees assessed.

<u>See</u> G. L. c. 183C, § 2.  Instead, McKensi summarily claims that his loans were "predatory."  As such, McKensi has not alleged sufficient facts to satisfy his obligation to provide grounds demonstrating his alleged entitlement to relief.  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>Iannacchino v. Ford Motor Co.</u>, 451 Mass. 623, 636 (2008); <u>Flomenbaum v. Commonwealth</u>, 451 Mass. 740, 751 n.12 (2008) (noting that recent changes to motion to dismiss standard impose "stricter" requirements on plaintiffs than previous standard).  The claim should therefore be dismissed.

Upon information and belief, McKensi's loans are not high cost loans.  This is an issue that can be decided as a matter of law if sufficient facts were pled.  Therefore, at the very least, this Court should order McKensi to provide a more definite statement with respect to his allegation that his loans implicate the particular requirements of Chapter 183C.  As the complaint now stands, Bank of America does not know under which definition of "high cost home mortgage loan" his loan allegedly qualifies under and therefore cannot frame a responsive pleading to the complaint.  <u>See</u> Fed. R. Civ. P. 12(e).  McKensi should be ordered to identify the

facts on which he bases this claim – the annual percentage rate and corresponding benchmark he relies upon, or the amount of the points and fees that exceed 5 percent of the principal balance. See Mihos v. Swift, 358 F.3d 91, 106 n.12 (1st Cir. 2004) (court may order a more definite statement if complaint is vague and moving party "point[s] out the defects complained of and the details desired"); see also Tarabolski v. Town of Sharon, 1995 U.S. App. LEXIS 31829, *2 (1st Cir. 1995) (court has discretion to order more definite statement).  Bank of America should not be required to delve into discovery not even knowing of these most elemental facts upon which McKensi apparently relies.

Accordingly, Bank of America respectfully requests that the Court dismiss the claim asserted under Chapter 183C or, in the alternative, order McKensi to submit a more definite statement concerning the facts on which this claim is based.

## CONCLUSION

For the foregoing reasons, Bank of America respectfully requests that the Court allow its motion and dismiss the complaint in its entirety with prejudice, or in the alternative, dismiss the Chapter 93A claim and order a more definite statement with respect to the claim asserted under Chapter 183C.

BANK OF AMERICA, N.A., as Trustee
By its attorneys,

 /s/ Joseph P. Calandrelli
Richard E. Briansky, BBO# 632709
rbriansky@princelobel.com
Joseph P. Calandrelli, BBO# 666128
jcalandrelli@princelobel.com
**PRINCE, LOBEL, GLOVSKY & TYE LLP**
100 Cambridge Street, Suite 2200
Boston, MA 02114

Dated:  November 17, 2009          Tel:  617.456.8000

Local Rule 7.1 Certificate

      I, Joseph Calandrelli, certify that, pursuant to L.R. 7.1, I conferred in good faith with McKensi's counsel prior to the filing of this motion.  My efforts included a telephone conference with Attorney Matthew Forbes on November 17, 2009.  We were unable to resolve the issues presented by this motion.

      */s/ Joseph P. Calandrelli*

CERTIFICATE OF SERVICE

      I, Joseph Calandrelli, hereby certify that on November 17, 2009, this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies have been sent to those indicated as non-registered participants.

      */s/ Joseph P. Calandrelli*