UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
CARLOS H. MCKENSI, )
)
       Plaintiff, )
)
v. ) Civil Action No. 1:09-cv-11940-JGD
)
BANK OF AMERICA, N.A., )
)
       Defendant. )
_____)

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW**

      Plaintiff, CARLOS H. MCKENSI, by and through his undersigned counsel, hereby files this Response in opposition to Defendant's Motion To Dismiss, Or In The Alternative, Motion For A More Definite Statement and Incorporated Memorandum of Law, and states:

**MEMORANDUM OF LAW**

**A.**  **INTRODUCTION**

      Defendants' motion fails to meet the threshold for a Motion to Dismiss.  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the party moving for dismissal has the heavy burden of proving that no claim has been stated.  Traditionally, the movant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

      When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint.  *Erickson v. Pardus*, 127 S. Ct. 2197 (2007).  The

motion merely tests the sufficiency of the complaint and need not look to the case's merits. *Milburn v. Unites States*, 734 F.2d 762, 765 (11th Cir. 1984). The court should construe a plaintiff's allegations liberally, because the rules require only general or "notice" pleading, rather than detailed fact pleading. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). At this stage in the litigation, the factual allegations are sufficient so that the action should not be dismissed. However, it is Plaintiff's intent to file an amended Complaint to add additional claims against the Defendant, which will likely resolve some, or all, of Defendant's issues with the original Complaint.

**B.     93A Claim is Not Barred from Being Asserted**

Defendant sets forth the requirements for the issuance of a 93A demand letter, specifically that it must be issued 30 days prior to filing suit. (Motion, Page 3). Defendant then notes that the Demand Letter in this case was dated October 14, 2009, and suit was filed October 19, 2009, five days later. (Motion, Page 4). Defendant concludes that Plaintiff failed to comply with the requirements of 93A, and therefore a Chapter 93A claim is barred as a matter of law. (Motion, Page 4).

The error in Defendant's argument is that it is attempting to bar a claim that has not yet been asserted. The purpose of Plaintiff's Attested Complaint was to obtain a temporary restraining order to enjoin Defendant from foreclosing on Plaintiff's property. (*See* Paragraph 9 of Complaint, "The Plaintiff's, by way of this Complaint, seek to obtain from the Court restraint of the pending foreclosure…", and repeated again in Paragraph 18, and Paragraph 1 of the "WHEREFORE" section).

To receive injunctive relief, the long-standing requirements in Massachusetts require the movant to show a substantial likelihood of prevailing on the merits, along

with irreparable harm, that the defendant will not be substantially harmed, and the interest of the public is at stake. *Packaging Industries, Inc. v. Cheney*, 380 Mass. 609 (1980). While Plaintiff's request for injunctive relief in the Attested Complaint were supported by an assortment of other violations, to satisfy the "substantial likelihood of prevailing on the merits" requirement, Plaintiff described the 93A violations attributable arising out of the loan in question. Accordingly, now that the 30-day period of time has passed to pursue a cause of action under 93A, Plaintiff will be adding the appropriate cause of action in his First Amended Complaint.

### C. Indefiniteness of Chapter 183C Claim

As detailed above, the initial Amended Complaint was filed to provide the court with enough information to satisfy the requirements for injunctive relief. To the extent that Defendant is unable to properly respond to Plaintiff's allegations related to violations of Massachusetts General Laws, Chapter 183C, Plaintiff will set forth in greater detail the factual support and relevant statutory authority within his First Amended Complaint.

### CONCLUSION

WHEREFORE, Plaintiffs request that the Motion to Dismiss filed by Defendant be denied.

    Respectfully Submitted,
    GALLAGHER & ASSOCIATES, PC
    D/B/A FORBESGALLAGHER
    *Counsel for Plaintiff*
    Tel: (508) 809-6141
    Fax: (508) 377-9483

    /s/ Matthew E. Forbes, Esq.
    Matthew E. Forbes, Esq.
    MA Bar No. 642310
    mforbes@forbesgallagher.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct of the foregoing was filed electronically with the Clerk of the Court using CM/ECF this 16th day of December, 2009.

/s/ Matthew E. Forbes, Esq.
Matthew E. Forbes, Esq.
MA Bar No. 642310
mforbes@forbesgallagher.com

**SERVICE LIST**

PRINCE, LOBEL, GLOVSKY & TYE LLP
*Attorney for Defendant*
100 Cambridge Street, Suite 2200
Boston, MA 02114
Phone: 617 456-8000
Richard E. Briansky, Esq.
BBO# 632709
Joseph P. Calandrelli, Esq.
BBO#666128