UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CARLOS H. MCKENSI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09-cv-11940-JGD |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S**
**SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTIONT TO AMEND**

Pursuant to the Court's order on June 14, 2010, Plaintiff Carlos H. McKensi hereby submits his Reply to Defendant's Supplemental Opposition to Plaintiff's Motion to Amend. The scope of this Reply is limited to showing that the Plaintiff is an intended third-party beneficiary who may maintain a breach of contract claim against the Defendant for its failure to abide by the Home Affordable Modification Program (HAMP) guidelines.

In support of its opposition, Defendant has provided the Court with a handful of citations, all to California decisions. It is noteworthy that notwithstanding the national proliferation of individual and class action lawsuits pertaining to the exact issue discussed herein, outside of California there is no decisional support offered for Defendant's position. In Massachusetts, alone, there are at least four nearly identical class action lawsuits that have been filed[1], none of which have dismissed Plaintiffs' claims arising under HAMP. Additional causes of action in Ohio[2] and the District of Columbia[3] have also failed to follow suit.

---

[1] The "HAMP" class action lawsuits have been filed in the United States District Court for the District of Massachusetts: Bosque et al v. Wells Fargo, 4:2010cv10311, filed February 23, 2010; Johnson et al v. BAC Home Loans Servicing, a subsidiary of Bank of America, NA, C.A. No. 2010-10316, filed February 23, 2010; Durmic et al v. J.P. Morgan Chase Bank, N.A., 1:2010cv10380, filed March 3, 2010; and Reyes et al v. IndyMac Mortgage Services, F.S.B., a division of OneWest Bank, F.S.B., 1:2010cv10389, filed March 4, 2010.

[2] State of Ohio v. Barclays Capital Real Estate, Inc., dba HomEq Servicing, No. 09 10136, filed December 16, 2009,

The reason that California stands alone, to the extent its decisions support the position that homeowners cannot pursue claims arising out of HAMP as they are not intended third-party beneficiaries, is because the decisions in California are wrong. When the HAMP was announced by the President, the express purpose was to "help between seven and nine million families restructure or refinance their mortgages so they can avoid foreclosure."[4]

In actuality, HAMP is similar to various federal programs that exist for the primary purpose of benefiting certain eligible third parties that use government contracts with private entities to achieve that purpose. Courts have repeatedly held that the eligible third parties may sue as third-party beneficiaries to enforce their rights under these contracts. *See County of Santa Clara v. Astra*, 588 F.3d 1237, 1244 (9th Cir. 2009)(relating to federal drug discounting program); *Holbrook v. Pitt*, 643 F.2d 1261, 1271 (7th Cir. 1981)(Section 8 housing); *Ashton v. Pierce*, 716 F.2d 56 (D.C. Cir. 1983)(annual contributions contracts). *See also German v. Federal Home Loan Mortg. Corp.*, 885 F. Supp. 537, 578 (S.D.N.Y. 1995); *McNeil v. New York City Housing Authority*, 719 F. Supp. 233, 248 (S.D.N.Y. 1989).

Like the federal programs at issue in the cases cited, *supra*, HAMP was created for the express purpose of benefiting certain eligible third parties - here, eligible homeowners, like Mr. McKensi, who are at risk of losing their home through foreclosure. And like the programs at issue in those cases, HAMP uses contracts with private entities to achieve that purpose. The mechanism devised to achieve this purpose was to enter into contracts with loan servicing companies, like the Defendant, that incorporate, and make mandatory, Treasury rules expressly designed to benefit the homeowners. Thus, Plaintiff should be allowed to pursue his claims arising out of Defendant's total disregard for the guidelines it was paid by the taxpayers to follow.

---

Montgomery, Ohio.
[3] Edwards et al v. Aurora Loan Services, LLC, et al, filed November 9, 2009, United States District Court for the District of Columbia, No. 09-cv-02100.
[4] See http://www.whitehouse.gov/the_press_office/remarks-by-the-president-on-the-mortgage-crisis/.

GALLAGHER & ASSOCIATES, PC
D/B/A FORBESGALLAGHER
*Counsel for Plaintiff*
Tel:  (508) 809-6141
Fax:  (508) 377-9483

/s/ Matthew E. Forbes, Esq.
Matthew E. Forbes, Esq.
MA Bar No. 642310
mforbes@forbesgallagher.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct of the foregoing was filed electronically with the Clerk of the Court using CM/ECF this 21st day of June, 2010.

/s/ Matthew E. Forbes, Esq.
Matthew E. Forbes, Esq.
MA Bar No. 642310
mforbes@forbesgallagher.com

**SERVICE LIST**

PRINCE, LOBEL, GLOVSKY & TYE LLP
*Attorney for Defendant*
100 Cambridge Street, Suite 2200
Boston, MA 02114
Phone: 617 456-8000
Richard E. Briansky, Esq.
BBO# 632709
Joseph P. Calandrelli, Esq.
BBO#666128